467 A.2d 499

**Virginia SIMMS**

v.

**Geraldine E. SCHEVE.**

**No. 129, Sept. Term, 1982.**

Court of Appeals of Maryland.

Nov. 30, 1983.

Henry F. Leonnig, Upper Marlboro, for appellant.

Paul E. Rosenberg, Camp Springs, for appellee.

Argued before MURPHY, C.J., and SMITH, ELDRIDGE, COLE, DAVIDSON, RODOWSKY and COUCH, JJ.

COLE, Judge.

The single question presented in this case is whether the entry of a decree *pro confesso* against defaulting parties is a condition precedent to a final judgment in a tax sale foreclosure proceeding.

Geraldine Scheve purchased fifteen properties at a tax sale on May 14, 1979, in Prince George's County. On August 22, 1980, she brought suit in the Circuit Court for Prince George's County to foreclose the equity of redemption of the owners of the property. Virginia Simms was the owner of property designated as C–5 in Scheve's Bill of Complaint. This property consisted of two improved acres and the family residence. The property was assessed for tax purposes at $17,000 with an indicated value of approximately $34,000.

Simms was served with a subpoena in this matter but failed to file a responsive pleading. On February 18, 1981, Scheve obtained a final decree foreclosing the equity of redemption. On July 2, 1981, Simms filed a motion to vacate the decree and fix the amount necessary for redemption, asserting a failure to comply with Maryland Rules 310 and 611. A hearing was held before the Circuit Court for Prince George's County and the motion was denied. Simms appealed. In an unreported opinion, *Simms v. Scheve*, No. 1503, September Term, 1981, filed September 7, 1982, the Court of Special Appeals affirmed the Circuit Court, reasoning that Md.Code (1957, 1980 Repl.Vol.) Art. 81, § 112 indicates an exception in the foreclosure proceeding to the general equity practice of a decree *pro confesso*.

Simms petitioned this Court for certiorari seeking an answer to the question:

Are the provisions of Maryland Rules 310, 675 and 611 as to the entry of a decree *pro confesso* applicable to the foreclosure of an equity of redemption proceeding regarding tax sales under Article 81, § 97 *et seq.* of the *Annotated Code of Maryland?*

We granted the petition to consider this important issue. We begin our resolution of the issue by examining the Maryland law generally relating to tax sales.

The tax sale procedure is set forth in Md.Code (1957, 1980 Repl.Vol., 1982 Cum.Supp.) Art. 81, §§ 70–123C, and our cases have held that for a tax sale to be effective substantial compliance with the statute is required. *Free v. Greene,* 175 Md. 36, 42, 199 A. 857 (1938); *McMahon v. Crean,* 109 Md. 652, 666, 71 A. 995 (1909). In this regard, the prescription of the statute is clear and simple. Unpaid taxes on real estate constitute a lien on that property. Section 70(a). Generally, within two years from the date taxes become in arrears the jurisdiction's collector must sell the land. Section 72. Notice of the proposed sale must be given to the owner at least thirty days before the property is advertised for sale and the owner is notified that if he does not pay the taxes within thirty days, the property will be sold. Section 75. After the sale is properly advertised, § 76, the property is sold at public auction. Section 80.

The purchaser of the property is given a certificate of sale which includes a description of the property, the amount for which the property was sold, and information as to the time in which an action to foreclose the owner's right of redemption must be brought. Section 83. The owner may redeem the property at any time until the right of redemption has been finally foreclosed by paying the required sum to the collector, who transfers the money to the purchaser in exchange for the tax sale certificate. Section 92.

Sections 97–123C of Article 81 define the purchaser's ability to foreclose the right of redemption. These provisions are to be "liberally construed as remedial legislation to encourage the foreclosure of rights of redemption by suits in

the equity courts and for the decreeing of marketable titles to property sold by the collector." Section 97. *See Dampman v. Litzau and Sonntag,* 261 Md. 196, 202, 274 A.2d 347 (1971); *Thomas v. Kolker,* 195 Md. 470, 475, 73 A.2d 886 (1950). The holder of the certificate of sale may file a bill to foreclose the owner's right of redemption after one year and a day from the date of sale in the counties.[1] The bill must be filed within two years or the certificate is void. The owner may redeem the property at any time until the right of redemption has been finally foreclosed. Section 100. *See Heill v. Staniewski,* 265 Md. 722, 725, 291 A.2d 449 (1972); *McGarvey v. Southern Corp.,* 218 Md. 591, 594, 147 A.2d 725 (1959).

The purchaser initiates the foreclosure proceeding in the equity court by filing a bill of complaint, setting forth the facts and prayers detailed in § 102 and attaching the certificate of sale issued by the collector. The court issues its subpoena notifying the owner, and any other defendants, *see* § 103, that if they do not appear in court on or before a certain date to answer the bill or to redeem the property, a final decree will be rendered foreclosing all rights of redemption in the property. Section 106. If two subpoenas are returned non est or if one is returned non est and proof is presented that the defendant is avoiding service, he is deemed to be served by publication. Sections 106–07. If the owner does not redeem the property within the time specified, the court passes a final decree, vesting in the purchaser an absolute and indefeasible title in fee simple in the property. Section 112. The decree is conclusive and may not be reopened except on the ground of lack of jurisdiction or fraud in the conduct of the proceedings to foreclose. Section 113.

■ Mrs. Simms contends that the failure to enter a decree *pro confesso* justifies vacating the decree under

---

1. Section 100 of Article 81 allows the holder of the certificate of sale to file a bill in equity to foreclose all rights of redemption six months after the date of sale in Baltimore City.

§ 113. A decree *pro confesso* is defined as "[o]ne entered in a court of equity in favor of the complainant where the defendant has made no answer to the bill and its allegations are consequently taken 'as confessed.' It is merely an admission of the allegations of the bill well pleaded." *Black's Law Dictionary* 370 (5th ed. 1979).

The use of the decree *pro confesso* procedure evolved to deal with the hardship formerly obtained under the common law rule that a party could only compel a defendant to respond to a bill by attaching the defendant's person or by sequestration of his property. If these attempts failed, an answer could not be enforced and the plaintiff's only alternative was to establish the allegations of his bill by other proof. Thus, statutes and court rules defined circumstances in which the decree *pro confesso* could be utilized, and today the use of this procedure has been well established. 27 Am.Jur.2d *Equity* § 221 (1966).

Maryland Rules of Procedure 310 b, 611 and 675 require the entry of a decree *pro confesso* before proceeding upon default against a party who fails to comply with the time requirements for pleading.[2] These rules are based on chap-

---

2. Rule 310 b states:

> If a party against whom a claim is asserted is in default for failure to comply with the requirements as to time allowed for pleading, unless the time be enlarged by the court for good cause shown, judgment may be entered against him in an action at law or the bill may be taken pro confesso in a proceeding in equity, on motion of the adverse party, and thereupon the case shall proceed ex parte as against such party.

Rule 611 provides in part:

> Upon the entry of judgment by default or decree pro confesso, pursuant to Rule 310 b or Rule 610 c 3, for failure to plead in response to original process, the clerk shall mail forthwith, notice thereof to the defendant at his address, if any, specified in the pleadings and shall note such fact on the docket or case file. If no address is specified and the address is otherwise unknown, this Rule shall not apply.

Rule 675 a (in pertinent part) states:

> 1. Final Decree 30 Days After Entry of Decree *Pro Confesso.*
> Where a bill is taken *pro confesso,* a final decree may be entered at any time after the expiration of thirty days from the entry of the

ter 161 of the Acts of 1820. *Glass v. Glass,* 284 Md. 169, 172, 395 A.2d 485 (1978). E. Miller, *Equity Procedure* § 272, at 338–39 (1897), explains that:

> The object of the legislature in providing for decrees *pro confesso* was to provide a just and reasonably expeditious mode of obviating the delays and difficulties to which plaintiffs were subjected by defendants disobeying the mandates of the court requiring them to appear and answer bills filed against them. The design was, in the event of the defendant's continuing disobedience to the order of the court, to give to the plaintiff a remedy against him, as nearly as may be, as expeditious and effectual as if an appearance and answer had in due time followed the order of the court. The [rules are] a means of relief against the delay and neglect of defendants. [Footnotes omitted.]

Mrs. Simms argues that when a defendant in a foreclosure proceeding fails to respond to the subpoena, a decree *pro confesso* must be entered prior to a final decree foreclosing the equity of redemption. She notes that Maryland Chapters 100–600 apply to special proceedings under Chapter 1100, including the tax sale foreclosure proceeding outlined in Rule B240, which provides that "[t]he procedure for tax sales, including provisions for the order of publication, shall be in accordance with Code, Article 81, Sections 70 to 123." Additionally, she notes that § 101 of Article 81 specifically provides for the use of general equity practice in the foreclosure proceeding. For these reasons, Simms argues that the decree *pro confesso* was required in this case, and because the proper procedure was not followed, the foreclosure proceeding is void. For several reasons, we disagree.

The precise issue presented here has never been considered by this Court and our research has disclosed no cases from other jurisdictions resolving this issue. Apparently other

---

order of *pro confesso,* if an answer or other defense is not interposed, and the allegations of the bill or petition present a proper case for relief.

jurisdictions have not been presented with this precise issue because their statutes generally vary from Maryland tax sale law:

> In most states before the expiration of the time allowed the owner to redeem the property, the purchaser has neither the legal nor equitable title, nor is he entitled to possession of the land. During the redemption period he has a statutory lien on the land for the amount of his purchase money with interest thereon and penalties, which lien becomes foreclosed by operation of law upon the expiration of the redemption period, and the execution and delivery to him of the tax deed vests in him a complete and indefeasible title.
>
> *    *    *    *    *    *
>
> In some states, however, the purchaser acquires a tax deed and consequently a tax title at the sale. This is defeasible if the taxpayer redeems within the allowed period, becoming absolute at the end of the period. Under some statutes the owner's purchase and payment relieves the title of the property of the lien affecting it to the extent that the payment discharged the obligation. [5B G. Thompson, *Real Property* § 2764, at 502 (J. Grimes ed. 1978 Repl.Vol.) (footnotes omitted); *accord* 72 Am.Jur.2d *State and Local Taxation* § 990 (1974).]

Thus, in jurisdictions in which there is no proceeding to foreclose the owner's equity of redemption, the issue with which we are presented does not arise. In fact, the Maryland Court of Special Appeals is the only court we have found that has previously addressed this issue.

In *Perryman v. Suburban Dev. Corp.*, 33 Md.App. 589, 365 A.2d 570 (1976),[3] the chancellor, acting pursuant to Maryland Rule 625 a,[4] had vacated and set aside decrees foreclosing

---

**3.** We reversed Perryman on other grounds in *Suburban Dev. Corp. v. Perryman*, 281 Md. 168, 377 A.2d 1164 (1977), without considering whether the decree pro confesso is required in tax sale foreclosure proceedings.

**4.** Rule 625 a states:

rights of redemption in two parcels of real property in Charles County purchased by Perryman at a public tax sale. The Court of Special Appeals held that the decrees were conclusive under Art. 81, § 113 and that the statute does not permit the application of the revisory power conferred by Rule 625 a.

The intermediate appellate court rejected Perryman's contention that a decree *pro confesso* should have been entered rather than a final decree. The court stated:

We recognize that in proceedings for the foreclosure of rights of redemption of property purchased at tax sales, the decree *pro confesso* procedure has been utilized. The fallacy of appellee's argument is, however, that the decree *pro confesso* procedure is not *required* to be followed in this type of case and, indeed, it would appear to be unnecessary. [*Id.* 33 Md.App. at 598, 365 A.2d 570 (citations omitted).]

■ We agree that the decree *pro confesso* procedure is not required in a proceeding to foreclose the right of redemption. As discussed above, §§ 97–123C of Article 81, outline a complete, clear, and logical procedure for foreclosing this right. Simms's argument that the equity Rules requiring the decree *pro confesso* apply simply is not correct. In fact, Maryland Rule BS40 governing tax sales merely refers to §§ 70–123, thus acknowledging the statute's exclusivity in defining the applicable procedure.

Section 101, on which Simms in effect bases her argument, does not support her position. That section provides:

The equity court, upon the filing of a bill to foreclose the right of redemption, shall have full equity jurisdiction to give full and complete relief under the provisions of

---

For a period of thirty days after the entry of a judgment, or thereafter pursuant to motion filed within such period, the court shall have revisory power and control over such judgment. After the expiration of such period the court shall have revisory power and control over such judgment, only in case of fraud, mistake or irregularity.

this subtitle, in accordance with the general equity jurisdiction and practice of the said court, and with all provisions of all laws and rules of court relating to the equity courts of the county in which the property is located, except as otherwise provided in this subtitle, to bar all right of redemption and to foreclose all alienations and descents of the property occurring prior to the decree of the court as hereinafter provided. . . .

Although this section notes that general equity practice applies, it specifically excludes such practice if "otherwise provided in this subtitle." Other sections of Article 81 clearly indicate that the decree *pro confesso* is not required.

For example, § 106 provides that the notice to defendants after filing of the bill of complaint contain a statement that upon failing to appear in court "a final decree will be rendered foreclosing all rights of redemption in the property." The final nature of the foreclosure proceeding is again emphasized in § 107 which provides for notice by publication. This notice must state that if the property is not redeemed and the bill is not answered " 'a final decree will be rendered foreclosing all rights of redemption in the property, and vesting in the plaintiff a title, free and clear of all encumbrances.' " Thus, these sections suggest that a decree *pro confesso* will not in fact be entered before a final judgment. Furthermore, § 102 requires that all of the proof needed to establish the entitlement of the certificate holder to a final decree of foreclosure be set forth fully in the bill of complaint, obviating any need for a decree *pro confesso.* Of particular importance is § 112, "Final Decree," which reads in part:

At the expiration of the time limited in the order of publication, and in the subpoena, the court shall pass its decree in the proceedings, in accordance with the general equity jurisdiction and practice of the said court. The decree shall be final and conclusive upon the defendants, their heirs, devisees and personal representatives and they or any of their heirs, devisees, executors, administrators, assigns or successors in right, title or interest, and all

defendants shall be bound by the said decree as if they had been named in the proceedings and personally served with process.

This section specifically provides that the final decree be entered after the time stated in the subpoena; it does not mention the delay that would be caused by the decree *pro confesso* procedure.

In addition to being logically excluded by these sections of the statute, the decree *pro confesso* would be unnecessary under the facts of this case. From the very beginning of these proceedings Simms was aware that a final decree would be entered in the event of default. The subpoena served upon her contained the following clause:

TO THE DEFENDANT(S): TAKE NOTICE that personal attendance in Court is not necessary, but if you fail to redeem the property described in the said Bill of Complaint, or file your answer or other defense in the Clerk's office on or before the 12th day of December, 1980, a final decree will be entered against you, foreclosing all rights of redemption and vesting in the Plaintiff(s) title to the said property free and clear of all encumbrances.

As Scheve notes, the language of this subpoena stands in stark contrast to that contained in the normal subpoena in an equity proceeding:

TO THE RESPONDENT(S), TAKE NOTICE that personal attendance in Court on the Return Day named in this Subpoena is not necessary, but you are required to file your answer or other defense in the Clerk's office within fifteen days after said Return Day. Unless you answer or make other defense within the time limited, Complainant(s) may obtain a Decree Pro Confesso against you which upon proper proof may be converted to a Final Decree for the relief demanded.

Thus, the statute has logically replaced the decree *pro confesso* with a special subpoena designed to inform the defendant of the consequences of inaction. No further

notice is required for the foreclosure proceeding to become complete.

Accordingly, we affirm the judgment of the Court of Special Appeals.

JUDGMENT AFFIRMED. VIRGINIA SIMMS TO PAY THE COSTS.