29 A.3d 714

**Frederick R. DEINLEIN**

v.

**Andrew R. JOHNSON, et al.**

**No. 788, Sept. Term, 2010.**

Court of Special Appeals of Maryland.

Sept. 30, 2011.

---

374

G. Vann Canada, Jr. (James A. Sullivan, Jr., Miles & Stockbridge PC, on the brief), Rockville, MD, for Appellant.

Aretha J. Arrington (Stephanie P. Anderson, Co. Atty., on the brief), Upper Marlboro, MD, for Appellee.

Panel: DEBORAH S. EYLER, KEHOE and STUART R. BERGER (Specially Assigned), JJ.

BERGER, J.

This consolidated case arises from a tax sale of a four-acre parcel of real property (the "subject property") located in Prince George's County, Maryland. The subject property, which lacks a metes and bounds description, was part of a larger 7.8023–acre parcel (the "Original Tract") before the Maryland Department of Assessment and Taxation (the "SDAT") began treating the Original Tract as two separate parcels in order to create two separate tax bills. Frederick Deinlein, the appellant, purchased the subject property from Prince George's County (the "County"), an appellee, and subsequently acted to foreclose the right of redemption. After making several unsuccessful attempts to perfect title to the property, Deinlein initiated a quiet title action against Andrew Johnson, an appellee, in the Circuit Court for Prince George's

County. At trial, Deinlein sought reimbursement for reasonable attorney's fees incurred under exceptional circumstances. After voiding the tax sale and vacating the order foreclosing the right of redemption, the court ordered the County to refund certain expenses paid by Deinlein but denied his request for extraordinary legal fees.

Deinlein filed a timely appeal and presents a single issue for our review,[1] which we have rephrased into two questions:

I. Did the circuit court err in denying Deinlein's request for reimbursement of extraordinary legal fees and costs under § 14–843 of the Tax–Property Article of the Maryland Code?

II. If not, is Deinlein entitled to reimbursement of extraordinary legal fees and costs under § 14–848 of the Tax–Property Article in light of the circuit court's decision to void the original tax sale?

We answer both questions in the negative and, therefore, shall affirm the circuit court's judgment for the reasons set forth below.

## FACTUAL AND PROCEDURAL BACKGROUND

The parties do not dispute the material facts of this case. On November 10, 1983, Andrew and Mattie Burno conveyed the 7.8–acre Original Tract, by deed,[2] to Andrea Burno, mother of and former Trustee for Andrew Johnson, who was a minor at that time. Andrea lived in a one-story residence situated on the Original Tract and held a life estate interest in the house and surrounding curtilage. The deed made conveyance of the Original Tract subject to the life estate.

In 1996, Andrea requested a homeowner's tax credit from the State for the tax assessment on the residence. The SDAT administratively divided the Original Tract into two separate

---

1. Deinlein phrased the issue as follows: Did the trial court err by denying appellant's Motion for Payment of Extraordinary Legal Fees and Costs or, in the Alternative, for Other Relief?

2. The deed was recorded at liber 5811, folio 76 on December 12, 1983.

parcels based on two separate tax account numbers. Tax Account No. 1138338 referred to a 3.8–acre parcel on which the residence was located. This number was originally assigned to Andrea and, after the division, allowed her to receive the homeowner's tax credit. The SDAT created a second number, Tax Account No. 2924397, which referred to the four-acre subject property. The SDAT's administrative division of the Original Tract did not, however, include any legal descriptions of the properties' boundaries. The only legal property description on record referred to the Original Tract in its entirety. Neither the SDAT nor the Prince George's County Office of Finance (the "Office of Finance") ever prepared a survey of the two properties. Nevertheless, both agencies treated the two parcels separately thereafter based on the establishment of the two accounts.

In 1997, the Office of Finance reported that taxes on both accounts were in arrears. In accordance with Maryland law, the Director of the Office of Finance advertised the two properties separately and sold them at a tax sale on May 12, 1997. Deinlein participated in the sale and purchased the certificate of tax sale for the subject property for $1,192.66. Neither the advertisement nor the certificate of tax sale contained a metes and bounds description of the property.[3] On May 4, 1999, approximately two years after the tax sale, Deinlein filed a Complaint to foreclose the right of redemption in the Circuit Court for Prince George's County.[4] While the

---

**3.** The subject property was described in both the advertisement and certificate of tax sale as follows:

> G–# –97: Eleventh (11th) Election District, Brandywine, PT PAR 7 & EQ 4. AC (4.AC FR1138338 to # 2924397, HMS PER OWNER 95–96), 4.000 ACRES. ASSMT $14,030.00, MAP 1440 GRID B1 PAR 7, recorded at Liber 05811, Folio 076.

Similarly, the advertisement and certificate of tax sale for the 3.8–acre property contained the following description:

> Eleventh (11th) Election District, Brandywine, (ACCT 3046232 come to this # per CRT ORDER 97–98). 3.8030 Acres & Imps. Assmt. $81, 830, MAP 1440 GRID B1 PAR7, LIB 14170 FL 296.

**4.** The case was captioned as *Frederick R. Deinlein v. Andrea Burno, et al.*, and identified as Case No. CAE–99–10119.

action to foreclose the right of redemption was pending, the Original Tract was conveyed by Trustee's Deed to Johnson on September 22, 2000.[5] On August 13, 2002, the court entered an order foreclosing the right of redemption regarding the subject property. Deinlein received a deed to the subject property on August 12, 2004, which was recorded September 9, 2004, in Liber 20289 at Folio 437, *et seq.* The following year, Johnson redeemed the 3.8–acre property assessed under Tax. Account No. 1138338.[6]

Deinlein claims that prior to the court's August 13, 2002 foreclosure order, he discovered, through his own efforts, the nonexistence of any metes and bounds description for the subject property. Deinlein later testified that he spoke with Dan Puma,[7] a tax appraiser for the State of Maryland, who informed Deinlein that the SDAT purposefully created two separate tax accounts in order to give Andrea a homeowner's tax credit for her residence. When Deinlein complained of the inadequate description of the subject property, Puma agreed to speak with the attorney general's office. The record reflects that the attorney general believed the description was adequate to locate the property. Unsatisfied with this answer, Deinlein appealed to the County and spoke with Stanley Willis, a county tax collector. Following a series of discussions with Willis, Deinlein took title to the subject property with the understanding that Willis would speak with the county attorney and his superiors about objecting to the action to foreclose the right of redemption for which the court's final order was pending. The County did not object, however, and Deinlein received a signed deed to the subject property in the

---

5. The Trustee's Deed, which conveyed the Original Tract subject to Andrea's life estate in the one-story house and surrounding curtilage, was recorded at Liber 14170, Folio 296.

6. On May 18, 2000, the Circuit Court for Prince George's County voided the tax sale of the 3.8–acre property. In 2002, the same parcel was sold again at a tax sale but later redeemed by Johnson in 2005.

7. At the quiet title proceeding on May 4, 2010, Deinlein testified that Puma was the SDAT individual who was responsible for the administrative subdivision of the Original Tract.

mail. Willis later informed Deinlein that the County decided not to pursue the matter.

On October 10, 2007, after the State and the County denied him relief, Deinlein filed a Complaint to quiet title in the subject property, case number CAE–07–28513, in the Circuit Court for Prince George's County. In his suit, Deinlein asked the court to appoint a surveyor to determine and describe the location of the subject property, assess the costs thereof, and quiet title to the parcel in his name.[8] On October 23, 2008, Johnson filed a motion to vacate the judgment foreclosing Johnson's right of redemption in case number CAE–99–10119, asserting that the court lacked subject matter jurisdiction to foreclose the right of redemption under T.P. § 14–845(a) because the subject property lacked a legal description by metes and bounds. Thereafter, on October 27, 2008, Johnson filed his own counterclaim to quiet title and request for declaratory judgment in case number CAE–07–28513.

Following a hearing on Johnson's motion to vacate, the circuit court issued a written Memorandum Opinion and Order on June 17, 2009, vacating the order foreclosing the right of redemption.[9] On September 30, 2009, the court vacated the June 2009 order and reinstated the August 13, 2002 foreclosure order. The record reflects that the court, citing *Canaj, Inc. v. Baker & Div. Phase III*, 391 Md. 374, 893 A.2d 1067 (2006),[10] gave Johnson the opportunity to secure funds to pay

---

**8.** The Complaint also alleged that in 2006, Deinlein entered into a contract to sell the subject property back to Johnson for $45,000, but Johnson failed to perform.

**9.** The court ruled that it lacked subject matter jurisdiction to foreclose the right of redemption because the description of the subject property was deficient. The certificate of tax sale failed to identify the property or give boundaries that would "enable the owner and prospective buyers to identify and locate the land to be sold with substantial certainty."

**10.** The circuit court did not expound upon its reasoning under *Canaj* in its September 30, 2009 order vacating its previous order vacating the order foreclosing the right of redemption in the subject property. In *Canaj*, the Court of Appeals held that a property owner seeking to

the delinquent taxes, subsequent taxes, interest and costs necessary to redeem the subject property from the tax sale. The court granted Deinlein leave to file a motion for reasonable attorney's fees incurred under exceptional circumstances pursuant to § 14–843(a)(4)(ii) of the Tax–Property Article ("T.P."), Ann.Code of Maryland. Deinlein filed a Motion for Payment of Extraordinary Legal Fees and Costs or, in the Alternative, for Other Relief on December 14, 2009.

On May 4, 2010, Deinlein advanced his request for extraordinary fees at a hearing on the consolidated action and offered the following into evidence: (1) details of the expenses he incurred while trying to resolve the "predicament"; and (2) an affidavit of counsel attesting to the reasonableness and amount of legal fees paid by Deinlein as a result of pursuing the quiet title action and defending against Johnson's related counterclaim. On May 6, 2010, the court voided the tax sale and vacated the order foreclosing the right of redemption. The court also ordered the County to refund to Deinlein certain taxes and costs he paid concerning the sale. Lastly, the court denied Deinlein's Motion for Payment of Extraordinary Legal Fees and Costs or, in the Alternative, for Other Relief. Deinlein timely filed a notice of appeal to this Court on June 21, 2010.

## DISCUSSION

### I.

The question before us, as pursued by Deinlein on appeal, raises a legal issue which we address initially. Deinlein contends that he is entitled to recoup the attorney's fees he paid in relation to this case, including the extraordinary fees incurred in pursuing this action to quiet title. The

challenge the foreclosure of the equity of redemption must first redeem or pay "the taxes and other relevant charges acknowledged to be due, either prior to the challenge or simultaneously with it...." 391 Md. at 396, 893 A.2d 1067. In the procedural context of this case, it follows that Johnson was required to redeem the subject property before the court could vacate the order foreclosing the right of redemption.

County responds that T.P. § 14–843(a)(4)(ii), the sole provision under the Tax–Property Article that provides for the recovery of reasonable attorney's fees in "exceptional circumstances," does not apply to the subject property tax sale. As such, the County contends that the circuit court did not err in denying Deinlein's motion. We agree.

Tax sales are governed under the principal statutes of T.P. §§ 14–808 through 14–854,[11] and serve as a mechanism for local governments to collect unpaid property taxes. *Scheve v. Shudder, Inc.*, 328 Md. 363, 369, 614 A.2d 582 (1992). A tax sale proceeds according to a general outline, which may be summarized as follows:

> [T]he tax collector for a county sells property on which real estate taxes are in arrears. § 14–808. The purchaser receives a certificate of sale. § 14–820. The purchaser must file a complaint to foreclose the owner's right of redemption during a period beginning six months after the sale and ending two years after the sale. § 14–833. Until a final order of foreclosure, the owner retains the right to redeem. § 14–827. The amount to be paid to the collector on redemption is provided by § 14–828, while the amount to be reimbursed to the purchaser is governed by § 14–843.

*Dawson v. Prince George's County*, 324 Md. 481, 485, 597 A.2d 952 (1991). Once the right of redemption has been foreclosed, the purchaser holding the certificate of sale receives a deed from the local government conveying fee simple title to the property. T.P. § 14–844; *Howard County v. Heartwood 88, LLC*, 178 Md.App. 491, 497, 943 A.2d 22 (2008); *see also Gordon Family P'ship v. Gar on Jer*, 348 Md. 129, 139, 702 A.2d 753 (1997).

T.P. § 14–843, which governs the repayment of attorney's fees and other expenses paid by the holder upon redemption of the property sold at tax sale, is central to this case, and it provides in pertinent part:

---

11. Unless otherwise indicated, hereinafter all statutory references are made to relevant sections and subsections of the Tax–Property Article of the Annotated Code of Maryland.

§ 14–843. Plaintiff or holder of certificate of sale reimbursed for expenses incurred.

(a) In general.—

(1) Except as provided in subsection (b) of this section, *on redemption,* the plaintiff or the holder of a certificate of sale may be reimbursed for expenses incurred in any action or in preparation for any action to foreclose the right of redemption as provided in this section.

(2) The plaintiff or holder of a certificate of sale is not entitled to be reimbursed for any other expenses or attorney's fees that are not included in this section.

*  *  *

(4) If an action to foreclose the right of redemption has been filed, the plaintiff or holder of a certificate of sale may be reimbursed for:

*  *  *

(ii) in exceptional circumstances, other reasonable attorney's fees incurred and specifically requested by the plaintiff or holder of a certificate of sale and approved by the court, on a case by case basis....

(Emphasis added).

The Maryland General Assembly amended the Tax–Property Article in 2008 and adopted the above-quoted language, as stated in Chapters 333 and 334 of the 2008 Laws of Maryland ("2008 Amendments"). Prior to the amendments, the reimbursement provision read as follows:

(a) Except as provided in subsection (b) of this section, *on redemption,* the plaintiff or the holder of a certificate of sale is entitled to be reimbursed for expenses incurred in any action or in preparation for any action to foreclose the right of redemption. In addition, the plaintiff or holder of a certificate of sale, *on redemption,* is entitled to be reimbursed for fees paid for recording the certificate of sale, for reasonable attorney's fees, provided that the fees may not exceed $400 unless an action to foreclose the right of redemption has been filed, for expenses incurred in the

publication and service of process by publication, for reasonable fees for a necessary title search, and for taxes, together with interest and penalties on the taxes, arising after the date of sale that have been paid by the plaintiff. . . . The plaintiff or holder of a certificate of sale is not entitled to be reimbursed for any other expenses.

T.P. § 14–843(a) (2007) (amended 2008) (emphasis added).

The County argues that the legislature, by amending T.P. § 14–843 in 2008, intended for this provision, which allows for the recovery of reasonable attorney's fees in exceptional circumstances, to apply only prospectively. Deciphering legislative intent is the very object of our judicial function of statutory interpretation. *See Parker v. State*, 193 Md.App. 469, 498, 997 A.2d 912 (2010); *Zimmer–Rubert v. Bd. of Educ.*, 179 Md.App. 589, 606–07, 947 A.2d 135 (2008), *aff'd*, 409 Md. 200, 973 A.2d 233 (2009).

The canons of statutory interpretation are well established. To ascertain and effectuate the intent of the legislature, we first consider the plain language of the statute, giving words in the statute their ordinary and popular meaning within the English language. *McHale v. DCW Dutchship Island, LLC*, 415 Md. 145, 171, 999 A.2d 969 (2010) (citation omitted); *Deville v. State*, 383 Md. 217, 223, 858 A.2d 484 (2004). Courts may not add or delete language so as to reflect a legislative intent not evidenced by the statute's very words. *Alavez v. Motor Vehicle Admin.*, 402 Md. 727, 734–35, 939 A.2d 139 (2008); *Price v. State*, 378 Md. 378, 387, 835 A.2d 1221 (2003). By the same token, courts may not limit or extend the statute's application with forced or subtle interpretations. *County Council v. Dutcher*, 365 Md. 399, 416–17, 780 A.2d 1137 (2001) (quoting *Chesapeake & Potomac Tel. Co. of Md. v. Dir. of Fin.*, 343 Md. 567, 579, 683 A.2d 512 (1996)). We read statutory text such that "no word, clause, sentence or phrase is rendered superfluous or nugatory." *Kushell v. Dep't of Natural Res.*, 385 Md. 563, 577, 870 A.2d 186 (2005) (citations omitted). Moreover, we do not interpret statutory language in isolation. *Id.* Rather, we are obligated to examine the statutory scheme as a whole and, to the extent possible,

reconcile and "harmonize provisions dealing with the same subject so that each may be given effect." *Id.; see also Headen v. Motor Vehicle Admin.*, 418 Md. 559, 570, 16 A.3d 196 (2011).

If the language of the statute is unambiguous, our inquiry into legislative intent ends, and we give effect to the statute as it is written. *Chow v. State*, 393 Md. 431, 443–44, 903 A.2d 388 (2006); *see Collins v. State*, 383 Md. 684, 688–89, 861 A.2d 727 (2004); *Arundel Corp. v. Marie*, 383 Md. 489, 502, 860 A.2d 886 (2004). If, on the other hand, ambiguity exists within the statutory language despite further consideration of the literal or usual meanings of the words, we may consider "evidence of intent from legislative history or other sources." *Allstate Ins. Co. v. Kim*, 376 Md. 276, 290, 829 A.2d 611 (2003); *see also Carven v. State Ret. & Pension Sys.*, 416 Md. 389, 408, 7 A.3d 38 (2010); *Bost v. State*, 406 Md. 341, 350, 958 A.2d 356 (2008).

The 2008 Amendments became effective on the date of enactment, April 24, 2008. Section 2 of the 2008 Amendments set forth the provision's prospective application and stated:

SECTION 2. AND BE IT FURTHER ENACTED, THAT THIS ACT SHALL BE CONSTRUED TO APPLY *ONLY PROSPECTIVELY* AND *MAY NOT BE APPLIED* OR INTERPRETED TO HAVE ANY EFFECT ON OR APPLICATION TO ANY TAX SALE HELD *BEFORE THE EFFECTIVE DATE OF THIS ACT* OR ANY PRO-CEEDING THAT RELATES TO A TAX SALE HELD BEFORE THE EFFECTIVE DATE OF THIS ACT.

S.B. 854, 2008 Leg., Reg. Sess., 2008 Md. Laws 333 (emphasis added).

We hold that the legislative history clearly precludes appel-lant from recovering extraordinary attorney's fees under T.P. § 14–843(a)(4)(ii) in this case. There can be no question that the legislature intended for the extraordinary fees provision to apply "only prospectively" from the Amendments' April 24, 2008 effective date. Deinlein purchased the certificate of tax sale to the subject property on May 12, 1997. He filed a subsequent Complaint to foreclose the equity of redemption in

1999, and initiated this quiet title action in 2007. These events, which are not in dispute, all occurred prior to the enactment of the 2008 Amendments. Therefore, T.P. § 14–843(a)(4)(ii) does not apply to this case and cannot afford Deinlein the extraordinary relief he seeks.

■ In addition, we have previously held that "redemption is a condition precedent to the obligation to pay the statutory attorney's fees" enumerated under T.P. § 14–843(a). *Heartwood 88, Inc. v. Montgomery County*, 156 Md.App. 333, 366, 846 A.2d 1096 (2004). In *Montgomery*, we addressed a similar issue concerning the repayment of "redemption rate" interest to a tax sale purchaser who had purchased property which we held void *ab initio* because the properties were sold in error.[12] We stated, "[B]ecause the [property] owners had paid their delinquent taxes prior to the tax sale, redemption was not warranted." *Id.* at 364, 846 A.2d 1096. Thus, where there is no redemption, "there is no statutory entitlement to attorney's fees." *Id.* at 366, 846 A.2d 1096.

We entertain no doubt as to the propriety of requiring that purchasers be reimbursed for expenses paid upon the cancellation of their tax certificates. Rather, the logic is unassailable. Indeed, Deinlein concedes that T.P. § 14–843(a)(4)(ii) applies only where property has been redeemed from pending foreclosure cases. In fact, to hold otherwise would be at odds with the principles of statutory construction. The statutory language is clear: "[*O*]*n redemption*, the plaintiff or the holder of a certificate of sale may be reimbursed for expenses incurred in any action or in preparation for any action to

---

**12.** In *Montgomery*, 331 properties were sold by Montgomery County to a single purchaser at a tax sale. 156 Md.App. at 341, 846 A.2d 1096. The purchaser later discovered that the properties were sold in error, as the property owners paid their delinquent taxes prior to the sale. *Id.* at 341–42, 846 A.2d 1096. When the tax collector refunded the purchase monies to the purchaser, plus interest at a rate of 8%, the purchaser objected and demanded payment of interest at the redemption rate. *Id.* at 342, 846 A.2d 1096. We held the tax sale void from its inception, *see id.* at 364–65, 846 A.2d 1096, and addressed whether the purchaser was entitled to payment of the redemption rate interest under T.P. § 14–848.

foreclose the right of redemption as provided in this section."
T.P. § 14-843(a)(1) (emphasis added). The pre-2008 version
of the statutory provision imposes the same requirement
before the certificate holder may claim any reimbursement of
statutory expenses.

Here, there has been no redemption of the subject property.
Deinlein attempted to extinguish Johnson's right of redemp-
tion in the subject property as early as 1999, when he filed a
Complaint to foreclose the equity of redemption. Deinlein
succeeded, albeit temporarily, in August 13, 2002, nearly seven
years before the court vacated its order foreclosing Johnson's
right of redemption concerning the subject property. Since
the initiation of the foreclosure action, leading up to the
hearing before us, Johnson never sought to redeem his inter-
est in the subject property. In sharp contrast, Johnson
redeemed the smaller 3.8-acre property in 2005. Johnson did
not offer, nor do we require, an explanation as to why he did
not redeem the subject property. The fact that Deinlein
continues to hold the deed to the subject property is sufficient
for our analysis.

This Court acknowledges the understandable dilemma that
confronted Deinlein. Without his efforts to quiet title, he
could not accomplish the necessary legal description of the
property and the appropriate titling of the described parcel in
his name. Nevertheless, in the absence of redemption, which
we recognize as a condition precedent to T.P. § 14-843(a),
Deinlein may not recover additional attorney's fees, as provid-
ed by that very statute, however reasonable those fees appear
to be.

## II.

Deinlein argues, in the alternative, that the circuit
court should have granted his request for extraordinary attor-
ney's fees under T.P. § 14-848, which governs repayment of
expenses following a judgment to void and set aside a tax sale.
T.P. § 14-848 provides, in pertinent part:

§ 14-848.   Judgment declaring sale void.

If the judgment of the court declares the sale void and sets it aside, the collector shall repay the holder of the certificate of sale the amount paid to the collector on account of the purchase price of the property sold, with interest at the rate provided in the certificate of tax sale, together with all taxes that accrue after the date of sale, which were paid by the holder of the certificate of sale or the predecessor of the holder of the certificate of sale, *and all expenses properly incurred in accordance with this subtitle.*

(Emphasis added).

The circuit court's decision to void the tax sale is not before us on appeal. Therefore, we accept the uncontested finding for the purpose of reaching our determination that T.P. § 14–848 becomes operative here. Previously, in *Howard*, we held that T.P. § 14–848 applies only where a right of redemption exists and an action to foreclose the right has been filed. 178 Md.App. at 500, 943 A.2d 22. We stated that T.P. § 14–848 "cannot cover a tax sale that is void from its inception due to an error in assessing any tax to begin with or due to there not being any tax arrearage for which to sell the property." *Id.* at 502, 943 A.2d 22. Here, the parties agree that neither condition applies to the tax sale concerning the subject property. Moreover, Johnson had a right of redemption in the property at the time Deinlein initiated the action to foreclose the right. We, therefore, conclude that T.P. § 14–848 became operative when the circuit court voided the tax sale.

Deinlein contends that, given the "unique" circumstances of this case, he is entitled to recover all taxes, legal fees, and costs related to this now-voided tax sale. Unlike T.P. § 14–843, which contemplates payment of additional attorney's fees in "exceptional circumstances," redemption is not a condition precedent to reimbursement once a tax sale has been set aside judicially. Rather, we observed that, upon entry of a judgment declaring the tax sale void, T.P. § 14–848 requires the tax collector, among other things, to repay the tax certificate holder as specified under the statute. *Id.* at 501, 943 A.2d 22. Nevertheless, the reimbursement of certain expenses under T.P. § 14–848 is necessarily related to T.P. § 14–843.

As we held in *Montgomery*, qualifying expenses incurred within the meaning of T.P. § 14–848 are governed by T.P. § 14–843. 156 Md.App. at 352, 846 A.2d 1096. Since *Montgomery*, the legislature amended T.P. § 14–843(a) to include a provision permitting claims for extraordinary attorney's fees arising from, or in preparation for, an action to foreclose the right of redemption. Critically, reimbursement of such fees is confined to T.P. § 14–843(a)(4)(ii) as "a holder of a certificate of sale is not entitled to be reimbursed for any other expenses or attorney's fees that are not included in [the] section." T.P. § 14–843(a)(2).

We need not determine whether the events which have transpired since Deinlein acquired the tax sale certificate to the subject property truly constitute "extraordinary circumstances" because, as we stated, *supra*, the statutory construction of T.P. § 14–843(a)(4)(ii) prohibits applying the extraordinary relief provision to this case. Deinlein's extraordinary fees are related to a tax sale that took place prior to the provision's effective date, and there has been no redemption of the subject property to trigger repayment of the expenses incurred. We affirm the court's denial of Deinlein's request for exceptional relief under T.P. § 14–848.

## III.

The circuit court correctly applied the applicable tax sale statutes in the case *sub judice*. Moreover, where T.P. 14–843(a)(4)(ii) applies, we would defer to a trial court's decision whether to award extraordinary attorney's fees under the circumstances. Such a decision falls squarely within the court's discretion. The statutory language provides that, in "exceptional circumstances," additional attorney's fees must be "approved by the court, on a case by case basis...." *Id.* Notwithstanding the legal justification for denying Deinlein's request for relief based on the inapplicability of T.P. 14–843(a)(4)(ii) to the case at bar, we conclude that the circuit court did not abuse its discretion.

The court afforded Deinlein the opportunity to file a request for extraordinary attorney's fees and costs. In a subsequent hearing on the matter, the court considered the extensive testimony and evidence surrounding Deinlein's unfortunate predicament before determining that extraordinary legal fees were not appropriate. We think it not insignificant that the court granted alternative relief to Deinlein in its Order setting aside the tax sale and providing for additional relief. Pursuant to T.P. § 14–848, the court ordered the County to reimburse Deinlein for certain expenses—taxes, legal fees in the amount of $500, costs, and accrued interest [13]—in an amount totaling $38,550.59.

The court's award of alternative relief is also consistent with the pre–2008 version of T.P. § 14–843(a). Pursuant to that version, if Johnson had, in fact, redeemed the subject property, Deinlein would have been entitled to recover: (1) fees related to recording the certificate of sale and the necessary title search; (2) reasonable attorney's fees not to exceed $400 unless an action to foreclose the right of redemption was filed; (3) expenses incurred in the publication and service of process by publication; and (4) taxes paid by the holder post-sale, including accrued interest and penalties on the taxes. Furthermore, the language of the prior version expressly prohibits the certificate holder from seeking reimbursement for additional expenses not included in the statutory language, which, in our view, includes a claim for extraordinary legal fees.

Assuming, *arguendo*, that the court felt inclined to grant Deinlein's request for extraordinary fees under the circumstances, we cannot see how the court could overcome the

---

**13.** During oral argument before us, the County explained that while Deinlein would be entitled to reimbursement of accrued interest paid, he would not be entitled to interest at the redemption rate. Given that the County does not challenge the court's denial of Deinlein's motion for extraordinary relief, and neither the County nor Deinlein pursued the redemption rate issue either in written memoranda or at oral argument, we will not address the interest included in the court's award.

legislative prohibition against applying T.P. § 14–843(a)(4)(ii)—*i.e.,* the sole provision allowing for recovery of such fees arising from an act to foreclose redemption—retrospectively. Nor can we apply this provision or its predecessor in the absence of redemption. To do so would controvert the express intent of the legislature. Accordingly, we hold that the circuit court did not err in denying Deinlein's motion for payment of extraordinary expenses and fees under the circumstances of this case.

**JUDGMENT AFFIRMED. COSTS TO BE PAID BY THE APPELLANT.**