627 A.2d 1055

**STATE of New Jersey ex rel. Sandra LENNON**

v.

**Glenn STRAZZELLA.**

**No. 146, Sept. Term, 1992.**

Court of Appeals of Maryland.

July 22, 1993.

Areta L. Kupchyk, Asst. Atty. Gen., (J. Joseph Curran, Jr., Atty. Gen., both on brief), Baltimore, for appellant.

Charles J. Muskin, Glen Burnie, for appellee.

Argued before MURPHY, C.J., and ELDRIDGE, RODOWSKY, McAULIFFE, CHASANOW, KARWACKI and ROBERT M. BELL, JJ.

ROBERT M. BELL, Judge.

In 1983, upon receiving Aid to Families with Dependent Children (AFDC), Sandra Lennon assigned her right to receive child support from Glenn Strazzella, the appellee, to the State of Delaware, which then filed a paternity and child support action against the appellee.[1] The appellee requested a blood test and Ms. Lennon refused to cooperate. As a result, the State of Delaware terminated Ms. Lennon's assistance and the court dismissed the action without prejudice.

In 1990, Ms. Lennon, then living in New Jersey, applied for AFDC benefits, assigning her rights to receive child support to the State of New Jersey, the appellant. The appellant filed on behalf of Ms. Lennon, *see* Md.Code (1984, 1991 Repl.Vol.) § 10-301 *et seq.* of the Family Law Article, the Maryland Uniform Reciprocal Enforcement of Support Act (URESA), a paternity and child support action against the appellee, a resident of Maryland, in the Circuit Court for Anne Arundel County. The appellee again requested a blood test, again Ms. Lennon refused to cooperate, and again the case was dismissed without prejudice. The court ordered the case dismissed in response to a motion to dismiss filed by the appellant.

The appellant filed another paternity and child support action against the appellee in 1991.[2] The appellee moved to dismiss, arguing that Ms. Lennon had voluntarily dismissed

---

1. Federal law requires a recipient of federal assistance to assign support rights to the state providing the benefits. *See* 42 U.S.C. § 602(a)(26)(A) (1985 & 1993 Cum.Supp.); 45 C.F.R. § 232.11(a)(1) (1992). There is a similar requirement under Maryland law. *See* Md.Code (1957, 1990 Repl.Vol.) Art. 88A, § 48.

2. Ms. Lennon has since taken the blood test.

two prior paternity and support actions. The Circuit Court for Anne Arundel County granted the motion. We issued a writ of certiorari prior to consideration, by the Court of Special Appeals, or the appellant's appeal of that judgment. 329 Md. 338, 619 A.2d 547. We address the proper construction of Rule 2–506, specifically, whether the two dismissal rule embodied in Rule 2–506(c) applies to a dismissal by the court, even one prompted by a motion to dismiss filed by the plaintiff.

I.

The appellant posits that it, not Ms. Lennon, is the "real party in interest" in this case. It points out that Ms. Lennon, an AFDC recipient, is required by law, see N.J.Stat.Ann. § 44:10–2 (1940 & 1992 Cum.Supp.), to assign her right to receive child support to the State of New Jersey; thus, it asserts, it, rather than Ms. Lennon, has the right to enforce the appellee's support obligation. Additionally, the appellant, contending that the lower court incorrectly concluded that Ms. Lennon voluntarily dismissed two prior paternity actions, notes that neither Ms. Lennon, nor the State of New Jersey has ever filed a notice of dismissal in either of the prior actions; consequently, it argues Rule 2–506(c) does not apply. Lastly, the appellant insists that a dismissal pursuant to Rule 2–506(c) is inconsistent with the Paternity Statute, see Md. Code (1984, 1991 Repl.Vol.) § 5–1001 et seq. of the Family Law Article and, thus, is barred as a matter of law.

As the appellee sees it, on the other hand, the appellant is not the real party in interest, either in the current action or in the previous one it filed. Although he concedes that both federal and state law require a recipient of AFDC to assign to the state his or her rights to receive child support payments, the appellee posits that, because Ms. Lennon lost her right to proceed against him when appellant's action was dismissed as a result of her refusal to take a blood test, the second time that had occurred, the appellant, her assignee, lost its right as well. In addition, the appellee contends that the law has been clear for over a century that an order dismissing an action bars another action for the same cause. The real issue, he

opines, is the effect of an order of dismissal which does not state whether it is with or without prejudice. He suggests, notwithstanding Rule 2–506(c), that when the order of dismissal is silent, the only logical effect which should flow from the order is that consistent with the basic "notice of dismissal."

## II.

We begin our analysis, as we must, with Rule 2–506(c). It provides:

> *(c) Effect.*—Unless otherwise specified in the notice of dismissal, stipulation, or order of court, a dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a party who has previously dismissed in a court of any state or in any court of the United States an action based on or including the same claim.

To interpret rules of procedure, we use the same canons and principles of construction used to interpret statutes. *Hartless v. State,* 327 Md. 558, 563, 611 A.2d 581, 583 (1992); *State v. Romulus,* 315 Md. 526, 533, 555 A.2d 494, 496 (1989); *O'Donnell v. McGann,* 310 Md. 342, 350, 529 A.2d 372, 376 (1987); *In re Leslie M.,* 305 Md. 477, 481, 505 A.2d 504, 507 (1986); *Pappas v. Pappas,* 287 Md. 455, 465, 413 A.2d 549, 553 (1980). In our effort to discern the meaning of a rule, we look first to the words of the rule. When the words are clear and unambiguous, ordinarily we need not go any further. *Mustafa v. State,* 323 Md. 65, 73, 591 A.2d 481, 485 (1991); *G. Heileman Brewing Co. v. Stroh Brewery Co.,* 308 Md. 746, 755, 521 A.2d 1225, 1230 (1987); *In re Criminal Investigation No. 1–162,* 307 Md. 674, 685, 516 A.2d 976, 982 (1986); *Comptroller of Treasury v. Fairchild Industries, Inc.,* 303 Md. 280, 284, 493 A.2d 341, 343 (1985). Only when the language of the rule is ambiguous is it necessary that we look elsewhere to ascertain legislative intent. *State Comm'n on Human Relations v. Mayor and City Council of Baltimore,* 280 Md. 35, 41, 371 A.2d 645, 648 (1977). We are also to give effect to the entire rule, neither adding, nor deleting, words in order to give it a

meaning not otherwise evident by the words actually used. *Bd. of Educ. of Garrett County v. Lendo,* 295 Md. 55, 63, 453 A.2d 1185, 1189 (1982); *Smelser v. Criterion Ins. Co.,* 293 Md. 384, 389, 444 A.2d 1024, 1027 (1982); *Pappas v. Pappas,* 287 Md. 455, 465, 413 A.2d 549, 553 (1980). Finally, we seek to give the rule a reasonable interpretation, not one that is illogical or incompatible with common sense. *D & Y, Inc. v. Winston,* 320 Md. 534, 538, 578 A.2d 1177, 1179 (1990); *Blandon v. State,* 304 Md. 316, 319, 498 A.2d 1195, 1196 (1985); *Erwin and Shafer, Inc. v. Pabst Brewing Co.,* 304 Md. 302, 315, 498 A.2d 1188, 1194 (1985).

██ Rule 2–506(c) is clear; a dismissal is deemed to be without prejudice unless a contrary intention is shown in the instrument effecting the dismissal. The issue we must decide is the meaning of the proviso, "except that a notice of dismissal operates as an adjudication upon the merits when filed by a party who has previously *dismissed* in any court of any state or in any court of the United States an action based on or including the same claim." (emphasis supplied) The other portions of the rule provide some guidance:

(a) *By Notice of Dismissal or Stipulation.*—Except as otherwise provided in these rules or by statute, a plaintiff may dismiss an action without leave of court (1) by filing a notice of dismissal at any time before the adverse party files an answer or a motion for summary judgment or (2) by filing a stipulation of dismissal signed by all parties who have appeared in the action.

(b) *By Order of Court.*—Except as provided in section (a) of this Rule, a plaintiff may dismiss an action only by order of court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded prior to the filing of the plaintiff's motion for the voluntary dismissal, the action shall not be dismissed over the objection of the party who pleaded the counterclaim unless the counterclaim can remain pending for independent adjudication by the court.

An action may be voluntarily dismissed in three ways: by notice of dismissal; by stipulation of dismissal; *see* 2–506(a);

or by order of court. Rule 2–506(b). Only in the case of a notice of dismissal, if done "before the adverse party files an answer or a motion for summary judgment," may a plaintiff act completely unilaterally. The issue then is whether, when there has been a prior voluntary dismissal,[3] however effected—by notice of dismissal, stipulation of dismissal, or order of court—a subsequent voluntary dismissal by means other than notice of dismissal, "operates as adjudication upon the merits."

By using the term "notice of dismissal", Rule 2–506(c) makes clear that it is that form of voluntary dismissal that, following "a previous dismissal," operates as an adjudication of the merits. In this case, therefore, assuming the Delaware action was voluntarily dismissed,[4] the initial Anne Arundel County action, because effected by court order, *albeit* on motion of the appellant, and not by notice of dismissal, did not operate as an adjudication of the merits. To be an adjudication of the merits, a dismissal by court order, even one granting the plaintiff's motion to dismiss, or based on stipulation must state that the dismissal is with prejudice.

Our reading of the rule is confirmed by its history. In the interest of completeness, we may look at the purpose of the

---

3. From the context, it may be inferred that "previously dismissed" in Rule 2–506(c) refers to a voluntary dismissal. Since, however, as we have seen, voluntary dismissal may be effected by order of court, on motion of a party, or by a stipulation of the parties, it is not at all clear whether the two dismissal rule contemplates, as the predicate for its application, a prior notice of dismissal or simply a prior voluntary dismissal. We need not address that issue on this record. *But see Poloron Products, Inc. v. Lybrand & Ross Bros. & Montgomery*, 534 F.2d 1012 (7th Cir.1976) (FRCP 41 does not apply when a notice of dismissal follows a stipulation of dismissal because "[t]he danger of ... abuse [that Rule 41 was designed to prevent] diminishes where the first dismissal was by stipulation. Dismissal by stipulation is not a unilateral act on the part of the plaintiff, but rather a mutual agreement by all the parties.").

4. As a matter of fact, the record is clear that the Delaware action was dismissed by order of court, which stated that the dismissal was without prejudice. The record does not indicate whether the State of Delaware moved to dismiss.

rule and compare the result obtained when we consider its plain language in light of that purpose. *Sabatier v. State Farm Mutual Auto Insurance Company,* 323 Md. 232, 250, 592 A.2d 1098, 1107 (1991); *Mustafa,* 323 Md. at 73, 591 A.2d at 485; *Baltimore County Coalition v. Unfair Taxes v. Baltimore County,* 321 Md. 184, 203, 582 A.2d 510, 519 (1990); *Cunningham v. State,* 318 Md. 182, 185, 567 A.2d 126, 127 (1989); *Kaczorowski v. Mayor and City Council of Baltimore,* 309 Md. 505, 514–15, 525 A.2d 628, 632–33 (1987).

Rule 2–506 was adopted by the Court of Appeals on April 6, 1984, effective July 1, 1984. It was patterned after proposed Reorganization Rule 2–538,[5] which in turn was based on Federal Rule of Civil Procedure (FRCP) 41(a)[6] and former

---

**5.** As proposed, *see* Minutes, Court of Appeals Standing Committee on Rules of Practice & Procedure, May 22–23, 1981, that rule provided:

Rule 2–538. *Voluntary dismissal*

(a) By notice of dismissal; by stipulation.

Except otherwise provided in these Rules or by statute, a plaintiff may dismiss an action without leave of court either by filing a notice of dismissal at anytime before the adverse party files an answer or a motion for summary judgment whichever occurs first, or by filing a stipulation of dismissal signed by all parties who have appeared in the action.

(b) By order of court

Except as provided in section (a) of this Rule, a plaintiff may not dismiss an action without leave of court. If a counter claim has been pleaded prior to the filing of plaintiff's motion for voluntary dismissal, the action shall not be dismissed over the objection of the party who pleaded the counter claim unless the counter claim can remain pending for independent adjudication by the court. When the court grants leave to dismiss, the order may include those terms and conditions of dismissal which the court deems proper.

(c) Effect

Unless otherwise specified in the notice of dismissal, stipulation, or order of court, a dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits but filed by a party who has previously dismissed in any court of any state or any court of the United States an action based on or including the same claim.

**6.** Federal Rule of Civil Procedure 41(a) provided then, as now:

(a) *Voluntary Dismissal: Effect Thereof.*

(1) *By Plaintiff: by Stipulation.* Subject to the provisions of Rule 23(e) of Rule 66, and of any statute of the United States, an action may be dismissed by the plaintiff without order of court (i) by filing a

Maryland Rule 541.[7]  Former Rule 541 permitted a law action to be dismissed unilaterally by the plaintiff at any time before evidence was introduced at trial, thus, "giving the plaintiff control over the court's trial docket and over the judge and jury before whom the case was tried." Paul V. Niemeyer and Linda M. Schuett, *Maryland Rules Commentary*, 351 (2nd ed. 1992).  By amending former Rule 541, the Court sought to prevent the unilateral dismissal of cases in which the defendant had acquired a right to affirmative relief. *Id.* Rule 2–506 permits a plaintiff voluntarily to dismiss only when the defendant has not filed an answer or a motion for summary judgment.  Rule 2–506(a); *Scheve v. Shudder*, 328 Md. 363, 377, 614 A.2d 582, 589–90 (1992).

The two dismissal rule, embodied in Reorganization Rule 2–538(c), was discussed at the Rules Committee meeting of May 22, 1981.  It was approved and referred to the Style Committee with the understanding that "the two dismissal rule does

notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action.  Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.

(2) *By Order of Court.*  Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper.  If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court.  Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

7. Other jurisdictions have a similar rule patterned after FRCP 41.  *See e.g.* Delaware Superior Court Rule 41(a)(1); District of Columbia Superior Court Rule 41(a)(1); Florida Rule of Civil Procedure 1.420(a)(1); Minnesota Rule of Civil Procedure 41.01; Missouri Rule of Civil Procedure 67.01; New Jersey Civil Practice Rule 4:37–1(a); North Carolina Rule of Civil Procedure 41(a)(1); South Carolina Rule of Civil Procedure 41(a)(1).

not apply to stipulations of dismissal or dismissals granted with leave of court. A 'notice of dismissal' operates as an adjudication upon the merits only when the plaintiff has previously dismissed an action based on or including the same claim." Minutes at 48–49. The style committee was instructed by the chairman to ensure that that point was clear. *Id.*

As indicated, Rule 2–506 is largely derived from FRCP 41, and more specifically, subsection (c) is largely derived from FRCP 41(a)(1). The interpretation of that rule by the federal courts further buttresses the interpretation we have given Rule 2–506(c). *See Harris v. State,* 331 Md. 137, 156–57, 626 A.2d 946, 956 (1993); *Faulk v. State's Attorney,* 299 Md. 493, 506, 474 A.2d 880, 887 (1984); *Metropolitan Mortgage Fund, Inc. v. Basiliko,* 288 Md. 25, 27, 415 A.2d 582, 583 (1980). *See also Atlantic Sea–Con v. Robert Dann Co.,* 321 Md. 275, 282, 582 A.2d 981, 984 (1990).

Construing FRCP 41(a)(1), the Court of Appeals for the Fourth Circuit has held that the "two dismissal rule applies when the second dismissal is by notice, but not when the defendant is dismissed by motion or by stipulation." *Manning v. South Carolina Department of Highway & Public Safety,* 914 F.2d 44, 47 n. 3 (4th Cir.1990), citing 9 Charles A. Wright & Arthur Miller, *Federal Practice & Procedure* § 2368, at 188 (1971). *See Lake at Las Vegas Investors v. Pacific Malibu Dev.,* 933 F.2d 724, 726–27 (9th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1295, 117 L.Ed.2d 518 (1992) (Two dismissal rule operated as an adjudication on the merits where the plaintiff had previously voluntarily dismissed, by notice of dismissal, two actions against the defendant); *Sutton Place Dev. Co. v. Abacus Mortgage Investment Company,* 826 F.2d 637, 640 (7th Cir.1987) (Two dismissal rule inapplicable where second dismissal was by court order, on motion of plaintiff, rather than by notice); *Poloron Product, Inc. v. Lybrand & Ross Bros. & Montgomery,* 534 F.2d 1012, 1017 (7th Cir.1976) ("Filing of a notice of dismissal preceded by a dismissal by stipulation knowingly consented to by all parties did not activate the 'two dismissal' bar against bringing an action based on or including the same action."); *American*

*Cyanamid v. McGhee,* 317 F.2d 295, 297 (5th Cir.1963) ("A voluntary dismissal of action by order of court after initial voluntary dismissal of same suit by notice in other court did not operate as an 'adjudication on the merits and did not bar the filing of third suit in federal court' "); *Island Stevedoring, Inc. v. Barge CCBI,* 129 F.R.D. 430, 432 (D.Puerto Rico 1990) (Two prior dismissals did not preclude plaintiff's filing of third complaint where the second dismissal was by court order, which was subsequently amended to specify that dismissal was without prejudice).

States with "two dismissal" rules have rendered a similar interpretation. *See e.g. Variety Children's Hospital v. Mt. Sinai Hospital of Greater Miami, Inc.,* 448 So.2d 546 (Fla. Dist.Ct.App.1984) ("Voluntary dismissals of two prior actions, one seeking indemnity and contribution and the other seeking declaratory relief to establish insurance coverage, barred third lawsuit arising out of same factual background under the two dismissal rule"); *Hershiser v. BOS Corp.,* 69 Ohio App.3d 186, 590 N.E.2d 323 (1990) ("Dismissal by stipulation, with all counsel participating, did not operate to invoke 'two dismissal'; rule, even if the dismissed declaratory judgment and personal injury actions were based on or included the same claim"); *State, County of St. Louis v. Marchand,* 401 N.W.2d 449 (Minn.App.1987) (A third paternity action in which the children's mother was a beneficially interested plaintiff was not subject to being dismissed with prejudice on motion of the defendant, the alleged father, under the "two dismissal" rule, where neither the state, the county, nor the children had dismissed the action more than once, and the mother, though participating in the first action as a plaintiff in her own right, purported to serve only as a representative of the children in the second.); *City of Raleigh v. College Campus Apartments, Inc.,* 94 N.C.App. 280, 380 S.E.2d 163 (1989), *aff'd,* 326 N.C. 360, 388 S.E.2d 768 (1990) ("Plaintiff's second voluntary dismissal operated as an adjudication on the merits, and summary judgment was properly granted for defendant where both of plaintiff's dismissals were obtained by plaintiff filing

notice of dismissal pursuant to N.C.G.S. § 1A–1, Rule 41(a)(1)(i) and were not by stipulation or order of court. . . .").

Citing *Royston v. Horner*, 75 Md. 557, 24 A. 25 (1892), the appellee contends that an order dismissing an action bars another action for the same cause. In *Royston*, we held that when the trial court has determined that the complainant has no rights to the relief prayed in the bill, a decree of dismissal operates as a bar to another cause of action seeking the same relief. 75 Md. at 565, 24 A. at 27. The Circuit Court for Anne Arundel County did not find that the State of New Jersey had no right to the relief it sought, *i.e.* child support payments; rather, it dismissed the action because Ms. Lennon refused to take a blood test. Therefore, the court's order settled no rights, nor was it intended to be a final adjudication, on the merits.

The appellee also argues that when the order of dismissal is silent the only logical effect which should flow from the order are [sic] those consistent with the basic " 'notice of dismissal.' " That point is also without merit. Rule 2–506(c) is clear and, thus, dispositive. A dismissal pursuant to an order of dismissal which does not otherwise specify its effect is without prejudice. *See Scheve*, 328 Md. at 377, 614 A.2d at 589.

■ Prior to the present proceedings being filed, there had been two prior proceedings involving the appellee's paternity of Ms. Lennon's child and his responsibility to provide support. Neither was terminated by notice of dismissal. Both were dismissed by order of court, *albeit*, the order of dismissal in the first Anne Arundel County action issued on motion of the appellant. Because neither of the prior actions, including the appellant's, was dismissed by notice of dismissal, Rule 2–506(c) simply does not apply. To constitute an adjudication of the merits, Rule 2–506(c) requires that a notice of dismissal be filed by a plaintiff "who has previously dismissed . . . an action based on or including the same claim." Consequently, it makes no difference whether, as the appellee argues, Ms. Lennon is the real party in interest or not. The terms of Rule

2–506(c) simply have not been met so as to justify a holding that there has been an adjudication of the merits.

The appellee in effect asks this Court to change the meaning of Rule 2–506 and, as changed, to apply it to the case *sub judice*. We have recently rejected a similar request. *See WSSC v. CAE–Link*, 330 Md. 115, 140, 622 A.2d 745, 757 (1993). "[W]hen a party contends that a court should disregard the express language of a carefully-drawn rule of procedure, that party bears a heavy burden of showing that departure from the plain language is justified." *Sutton Place Dev. Co.*, 826 F.2d at 640. Furthermore, "[t]hat burden is especially heavy in the case of the 'two dismissal' rule because, by disregarding the plain wording of the rule, the court also disregards the over-arching policy concern . . . in favor of a decision on the merits." *Id.* The appellee has failed to point to any authority for abandoning the application of Rule 2–506(c) or presented any reasonable alternative interpretation of the rule; thus, he has failed to carry the burden of showing that departure from the language of the rule is justified.

JUDGMENT REVERSED; CASE REMANDED TO THE CIRCUIT COURT FOR ANNE ARUNDEL COUNTY WITH DIRECTIONS TO REINSTATE THE ACTION FILED BY STATE OF NEW JERSEY; COSTS TO BE PAID BY THE APPELLEE.