661 A.2d 734

John Woodrow POLLARD

v.

STATE of Maryland.

No. 44, Sept. Term, 1994.

Court of Appeals of Maryland.

July 20, 1995.

Gill Cochran (Elizabeth M. Eckhardt, on brief), Annapolis, for petitioner.

Ann N. Bosse, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., on brief), Baltimore, for respondent.

Argued before ELDRIDGE, RODOWSKY, CHASANOW, KARWACKI, BELL and RAKER, JJ., and ROBERT F. FISCHER, Associate Judge of the Court of Special Appeals of Maryland, Specially Assigned.

BELL, Judge.

We granted certiorari in this case to consider whether the circuit court has discretion to reinstate a defendant's criminal appeal which previously had been dismissed because the defendant failed to appear for *de novo* trial. We shall answer that it does. Accordingly, we reverse the judgment of the Circuit Court for Caroline County and remand the case to that court so that it might exercise its discretion in that regard.

John Woodrow Pollard, the petitioner, was convicted in the District Court of Maryland sitting in Caroline County, of driving while intoxicated, for which he was also sentenced. He timely appealed that judgment. The petitioner's *de novo* trial, which, at his election, was to be a jury trial, was set for March 1, 1994 in the circuit court. The petitioner failed to appear for that trial. Rather than dismiss the appeal at that time, as the State moved that it do, the trial court scheduled a pre-trial conference, for the purpose of addressing the dismissal issue.

On the date set for the pretrial conference, the petitioner appeared with counsel and opposed the State's motion to dismiss. He asserted that he did not intentionally fail to appear and, thus, that the failure was not intended to be a withdrawal of his appeal. The petitioner explained that he was confused as to the trial date, having received, from the District Court, a notice that another matter had been postponed to a date later in March. The trial court granted the State's motion to dismiss. The court expressed doubt as to whether it had discretion to reinstate the petitioner's appeal. It read the applicable rule, Maryland Rule 7–112(d), as not providing for reinstatement of a criminal appeal which has been dismissed as a result of the defendant's failure to appear for trial. It also noted that the rule did not contain a standard for reviewing a reinstatement request and it declined to formulate one. The court later denied the petitioner's motion for a new trial, ruling:

> Even if Rules Committee did not intend language of Rule 7–112, it is up to them to cure their own "unintentional omission;" if judges try to do so, there will be at least 24 different attempts to correct the alleged omission.

By order filed March 30, 1993, this Court adopted the 122nd Report of the Standing Committee on Rules of Practice and Procedure, the changes to be effective July 1, 1993. Included in that report was Title 7 of the Maryland Rules, Appellate and Other Judicial Review in Circuit Court, which, in turn, includes Rule 7–112, entitled "Appeals Heard De Novo." Rule 7–112, as adopted, provides in pertinent part:

(d) *Withdrawal of Appeal; Entry of Judgment.—*

(1) An appeal shall be considered withdrawn if the appellant files a notice withdrawing the appeal or fails to appear as required for trial or any other proceeding on the appeal.

(2) Upon a withdrawal of the appeal, the circuit court shall dismiss the appeal, and the clerk shall promptly return the file to the District Court. Any order of satisfaction shall be docketed in the District Court.

(3) On motion filed in the circuit court pursuant to Rule 2–534 or Rule 2–535, the circuit court may reinstate the appeal upon the terms it finds proper. If the appeal is reinstated, the circuit court shall notify the District Court of the reinstatement and request the District Court to return the file.[1]

As originally submitted to this Court for adoption, the first sentence of subsection (d)(3) contained language similar to that in former Rule 1314d. It read, "On motion filed in circuit court within thirty days after dismissal of an appeal under paragraph (2) of this section, the circuit court, for good cause shown, may reinstate the appeal upon the terms it finds proper." The amendment to subsection (d)(3), referencing Maryland Rules 2–534 and 2–535, was made by the Court.

Both the appellant and the State, like the trial court, interpret subsection (d)(3) as applicable only to civil appeals; as the parties construe it, that subsection excludes a criminal appellant from obtaining reinstatement of a dismissed appeal. This interpretation comes, no doubt, from the reference in the subsection to Rules 2–534 and 2–535. Section (d) otherwise refers throughout to "an appeal" or "the appeal," at no time endeavoring to distinguish between civil and criminal appeals. In fact, even in subsection (d)(3), notwithstanding the references to Rules 2–534 and 2–535, the rule speaks to the reinstatement of "the appeal," rather than of a "civil" appeal.

From the same premise, the parties take different approaches to achieve the desired result. The petitioner characterizes subsection (d)(3) as unreasonable, illogical, inconsistent with common sense, and violative of case law, the Maryland Constitution, Maryland statutory and common law, and fundamental fairness. He seeks remand of the matter to the circuit court for reinstatement of the petitioner's appeal. The peti-

---

**1.** Subsection (d)(3) is derived from former Maryland Rule 1314d. That rule provided:

The appellate court may vacate the judgment and reinstate the appeal for good cause shown upon motion filed by the appellant within thirty (30) days of the judgment.

tioner's point of reference is, of course, former Rule 1314d, which, indisputably, provided for the reinstatement of both civil and criminal appeals.

The State's position is that the rule, as drafted, whether the effect was intended or not, is unambiguous and, so, consistent with the canons and principles of construction, must be given effect according to its plain language. The plain language, the State maintains, "dictates dismissal of Pollard's appeal, without the benefit of reinstatement." State's brief at 10. The State, therefore, urges affirmance of the judgment of the circuit court.

It is not at all clear that the premise on which the parties proceed is an accurate one. Title 7 of the Maryland Rules pertains to appellate review in the circuit court. Chapter 1, of that Title in turn, relates to appeals from the District Court. With regard to appeals *de novo,* Rule 7–112(c) addresses the procedure to be followed in the circuit court. It provides:

(1) The form and sufficiency of pleadings in an appeal to be heard de novo are governed by the rules applicable in the District Court. A charging document may be amended pursuant to Rule 4–204.

(2) If the action in the District Court was tried under Rule 3–701, there shall be no pretrial discovery under Chapter 400 of Title 2, the circuit court shall conduct the trial de novo in an informal manner, and Title 5 of these rules does not apply to the proceedings.[2]

(3) Except as otherwise provided in this section, the appeal shall proceed in accordance with the rules governing cases instituted in the circuit court.

---

2. Title 5 is the Maryland Rules of Evidence.

Rules 2–534 [3] and 2–535 [4] are trial rules, applicable in cases instituted in the circuit court.[5] The mere reference to those rules in another rule which addresses, without limitation as to kind, appeals from a lower court and which applies when the circuit court is acting as an appellate court, does not thereby necessarily characterize, or define, the appeals to which the appellate rule relates. In other words, simply because an appellate rule references civil trial rules does not mean that only civil cases are cognizable under that rule; the

---

3. Rule 2–534, Motion to Alter or Amend a Judgment—Court Decision, provides:

> In an action decided by the court, on motion of any party filed within ten days after the entry of judgment, the court may open the judgment to receive additional evidence, may amend its findings or its statement of reasons for the decision, may set forth additional findings or reasons, may enter new findings or new reasons, may amend the judgment, or may enter a new judgment. A motion to alter or amend a judgment may be joined with a motion for new trial.

4. Rule 2–535, pertaining to the revisory power over judgments, provides:

> (a) Generally.—On motion of any party filed within 30 days after entry of judgment, the court may exercise revisory power and control over the judgment and, if the action was tried before the court, may take any action it could have taken under Rule 2–534.
> (b) Fraud, Mistake, Irregularity.—On motion of any party filed at any time, the court may exercise revisory power and control over the judgment in case of fraud, mistake, or irregularity.
> (c) Newly–Discovered Evidence.—On motion of any party filed within 30 days after entry of judgment, the court may grant a new trial on the ground of newly-discovered evidence that could not have been discovered by due diligence in time to move for a new trial pursuant to Rule 2–533.
> (d) Clerical Mistakes.—Clerical mistakes in judgments, orders, or other parts of the record may be corrected by the court at any time on its own initiative, or on motion of any party after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed by the appellate court, and thereafter with leave of the appellate court.

5. Title 2 of the Maryland Rules pertains to civil procedure in the circuit court and Chapter 5, of that Title relates to trial. Rule 2–534 and 2–535, therefore, contemplate the situation where the case is brought in the circuit court and proceeds to trial there. They do not contemplate an appellate process.

rules may provide the framework through which the action contemplated to be taken will proceed, no matter what the character of the appeal. A criminal appellant may utilize the procedure reflected in Rules 2–534 and 2–535 as easily as could a civil appellant. Those rules provide the time limitations in which the revisory power of the court may be invoked and set the parameters of its exercise. While, to be sure, the criminal trial rules give the court revisory power and control over the judgment for ninety days, *see* Rule 4–331(b), a time period greater than provided by the civil rules, the procedure required to be pursued to obtain reinstatement of a dismissed or withdrawn appeal is a matter of policy, as former Rule 1314d attests, not necessarily tied to whether the appeal is civil or criminal. We hold that Rule 7–112 applies to both civil and criminal appeals.

Furthermore, when read with the remainder of Rule 7–112, subsection (d)(3) is by no means clear and unambiguous. As already noted, Rule 7–112 does not differentiate between the appeals to which it is applicable as criminal or civil, simply addressing "an appeal" or "the appeal." The reference to two civil trial rules, under the circumstances, renders ambiguous that which had theretofore been clear. It prompts a discussion, as this case demonstrates, as to the proper scope of subsection (d)(3). Accordingly, it is appropriate to consider the intention of the Court when it adopted Rule 7–112(d). *State of New Jersey Ex Rel. Sandra Lennon v. Strazzella*, 331 Md. 270, 277–78, 627 A.2d 1055, 1058–59 (1993). That intention can be gleaned from the Court's discussion at the open meeting held on the 122nd Report on March 8, 1993 and it supports our conclusion that Rule 7–112(d)(3) also applies to criminal appeals.

The discussion leading to the amendment of the first sentence of subsection (d)(3) was initiated by Judge Chasanow. He expressed concern that the Rule as proposed provided for review for only thirty days, failing entirely to provide for review in the event of fraud, mistake or irregularity discover-

ed thereafter. By way of example, he posited the situation in which the clerk never sent notice of the trial date and that fact was not discovered until after more than thirty days had passed. At no time during the discussion was there any mention or indication, by anyone, of an intention to disallow reinstatement of criminal appeals while permitting it for civil appeals. Indeed, Judge Chasanow's purpose in raising the issue clearly was to expand, not restrict, the circumstances in which relief from dismissal of an appeal could be obtained.

The trial court proceeded on the assumption that it did not have discretion to reinstate the petitioner's appeal because the rule does not address reinstatement of criminal appeals. Therefore, the trial court never exercised its discretion in evaluating the reasons proffered by the petitioner for failing to appear. Since, as we have seen, the rule does apply to criminal appeals, the trial court does have discretion to reinstate a criminal appeal. It is necessary, therefore, that we remand this case to the trial court for that purpose.

■ The trial court also correctly noted that no standard governing the exercise of discretion is set forth in the rule. Given our intention to increase, rather than decrease, the remedy available under Rule 7–112(d)(3) and the standard previously contained in former Rule 1314d, which was also the proposal as Rule 7–112(d)(3) was submitted, it is obvious that the appropriate standard is "good cause."

*JUDGMENT IN THE CIRCUIT COURT FOR CARO-LINE COUNTY REVERSED, CASE REMANDED TO THAT COURT FOR FURTHER PROCEEDINGS CONSIS-TENT WITH THIS OPINION. COSTS TO BE PAID BY CAROLINE COUNTY.*