Tamala WATERS, Lakiah T. Robinson, and Cullen J. Kong, Appellants,

v.

Robert CASTILLO, Appellee.

No. 98–CV–1388.

District of Columbia Court of Appeals.

Argued May 30, 2000.

Decided July 13, 2000.

Monica Meyers Turnbo, for appellants.

William D. Foote, Jr., Rockville, MD, for appellee.

Before STEADMAN and GLICKMAN, Associate Judges, and BELSON, Senior Judge.

BELSON, Senior Judge:

This matter comes before us on appeal from the Superior Court's dismissal of appellants' complaint with prejudice pursuant to Super. Ct. Civ. R. 41(a)(1). The issue presented by the undisputed facts is whether appellants' previous voluntary dismissals of this action in two Maryland District Courts resulted in an adjudication on the merits that warranted summary judgment in the trial court. We conclude that they did, and affirm the judgment of the trial court on the basis of the doctrine of *res judicata*.

1. On February 22, 1999, co-defendant Genevieve Wood filed a motion to dismiss in this court, arguing that the notice of appeal identified only the trial court's order involving ap-

**I.**

This litigation involves an automobile accident that took place in January 1996 in the District of Columbia. On October 27, 1997, appellants' suit, prepared for filing in the District Court of Maryland for Prince George's County ("Prince George's County"), was filed through administrative error on the part of their attorneys' office in the District Court of Maryland for Montgomery County ("Montgomery County"). On January 13, 1998, after learning of the mistake and before the summons was served upon appellee, appellants filed a notice of dismissal in Montgomery County.

On January 8, 1998, appellants filed a complaint in Prince George's County. After appellee and co-defendant Genevieve Wood were served on February 3, 1998, appellants filed suit in the Superior Court of the District of Columbia. On or about February 27, 1998, appellants filed a voluntary notice of dismissal in Prince George's County.

In the Superior Court, appellee and Wood filed motions to dismiss, accompanied by attachments, on the basis that the case had already been "adjudicated on the merits." The Superior Court granted these motions, one on June 17, 1998 and the other on August 24, 1998. Although these motions were styled "motions to dismiss," they were actually motions for summary judgment since their attachments substantiated matters of fact upon which the motions depended. *See* Super. Ct. Civ. R. 12(b). Appellants filed a timely notice of appeal.[1]

**II.**

Appellants contend that the consequences that attach to a plaintiff's filing two voluntary notices of dismissal do not apply here because their first suit was filed

pellee Robert Castillo. Accordingly, this court dismissed this appeal as to Wood by order dated March 26, 1999.

in Montgomery County due to inadvertence. This contention is not supported by statute, rule, or precedent. Maryland law controls, but the principles are essentially the same under District of Columbia law, as both jurisdictions apply the "two dismissal rule" patterned after FED.R.CIV.P. 41.

### A.

Voluntary dismissal in a Maryland district court is governed by Md. Rule 3–506. "[A] plaintiff may dismiss an action without leave of court . . . by filing a notice of dismissal at any time before the adverse party files a notice of intention to defend." Md. R. 3–506(a). Thus, each unilateral dismissal was permissible because it occurred before the appellees filed a response. The first dismissal was without prejudice; the second, however, "operate[d] as an adjudication upon the merits." Md. R. 3–506(c) ("Unless otherwise specified . . . a dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a party who has previously dismissed in any court of any state or in any court of the United States an action based on or including the same claim."). *See New Jersey ex rel. Lennon v. Strazzella,* 331 Md. 270, 627 A.2d 1055, 1058 (1993) ("By using the term 'notice of dismissal,' Rule 2–506(c) [2] makes clear that it is that form of voluntary dismissal that, following 'a previous dismissal,' operates as an adjudication of the merits.").

**2.** Md. R. 2–506 governs voluntary dismissal in the Circuit Court, and contains pertinent language identical to Md. R. 3–506(c).

**3.** It would appear that appellants could have transferred the case from Montgomery County to Prince George's County, instead of dismissing and refiling, thus avoiding the prospect of two voluntary dismissals. *See* Md. R. 3–326(b) ("On motion of any party, the court may transfer any action to any other county where the action might have been brought if the transfer is for the convenience of the parties and witnesses and serves the interests of justice.").

This court has neither been referred to nor found Maryland cases creating any hardship exception to the rule. When the Court of Appeals of Maryland dealt with Md. R. 2–506 in *New Jersey ex rel. Lennon, supra,* it discussed the circumstances under which a second dismissal would be an adjudication on the merits. The court made no mention of any exception to the rule.[3]

The Court of Appeals of Maryland further noted in *New Jersey ex rel. Lennon, supra,* that the pertinent Maryland rules are based on the FED.R.CIV.P. 41 (a), *see id.* at 1058–59, and it looked to federal precedents and rulings by courts of other states with "two dismissal rules" for guidance in its interpretation of the Maryland rules. *See id.* at 1060. The Court of Appeals of Maryland also noted that the District of Columbia Superior Court has a similar rule patterned after FED.R.CIV.P. 41. *See id.* at 1059 n. 7. We turn, therefore, to a discussion of the Superior Court rules and relevant federal precedents.

### B.

In the District of Columbia, a plaintiff may unilaterally, and without a court order, dismiss her case

by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment. . . . [T]he dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff

It also appears that once the third case was filed in the Superior Court, appellants could have sought a stay in order to try to vacate one of the prior dismissals in a Maryland court. *See* Md. R. 3–535 ("On motion of any party filed at any time the court may exercise revisory power and control over the judgment in case of . . . mistake. . . . Clerical mistakes in judgments, orders, or other parts of the record may be corrected by the court at any time."). At oral argument, appellants' counsel indicated that she was aware of these options, but had instead decided to see this matter through in this court.

who has once dismissed in any court of the United States or of any state an action based on or including the same claim.

Super. Ct. Civ. R. 41(a)(1). This rule is substantially identical to FED. R. CIV. P. 41(a) and, like its Maryland counterparts, is construed like the federal rule. *See Taylor v. Washington Hosp. Ctr.*, 407 A.2d 585, 590 & n. 4 (D.C.1979), *cert. denied*, 446 U.S. 921, 100 S.Ct. 1857, 64 L.Ed.2d 275 (1980) ("A Superior Court rule which is literally or substantially identical to a corresponding federal rule (as in Super. Ct. Civ. R. 41) is to be construed in light of the meaning of that federal rule.") (citation omitted). "Under this 'two dismissal rule,' it is the second voluntary dismissal which is in essence with prejudice, and the *third* suit which is therefore barred." *Brown v. Hartshorne Pub. School Dist.*, 926 F.2d 959, 961 (10th Cir.1991) (emphasis in original); *see Commercial Space Management Co. v. Boeing*, 193 F.3d 1074, 1076 (9th Cir.1999).

■ Appellants' dismissal was voluntary because it was filed "without being compelled by another party or the court. In other words, it does not mean that other circumstances might not have compelled the dismissal or that the party desired it." *Randall v. Merrill Lynch*, 261 U.S.App. D.C. 138, 142, 820 F.2d 1317, 1321 (C.A.D.C.1987), *cert. denied*, 484 U.S. 1027, 108 S.Ct. 753, 98 L.Ed.2d 765 (1988). The two-dismissal rule may not be side-stepped merely because the first dismissal was entered before the defense was served. *See Engelhardt v. Bell & Howell Co.*, 299 F.2d 480, 485 (8th Cir.1962) ("It is the filing of the complaint alone which commences the action and not the service of process of defendants named therein."). Nor do courts look into the reasons for a plaintiff's

voluntary dismissal. *See Lake at Las Vegas Investors v. Pacific Malibu Dev.*, 933 F.2d 724, 727 (9th Cir.1991). Thus, there is no merit to appellants' argument that either the timing or the reason for the first voluntary dismissal should exempt appellants from the effect of the two-dismissal rule.

In view of the foregoing, we conclude that in courts of Maryland, as well as in federal courts and the courts of the District of Columbia, such a second voluntary notice of dismissal is an adjudication on the merits against the plaintiff. As an adjudication on the merits, that judgment is owed full faith and credit under the Constitution.[4]

### III.

■ The effect of the adjudication on the merits in Maryland on the litigation in the Superior Court was clear. "Under the doctrine of *res judicata*, a prior judgment on the merits absolutely bars a subsequent suit on the same cause of action." *Adams v. Jonathan Woodner Co.*, 475 A.2d 393, 396 (D.C.1984) (citing *Goldkind v. Snider Bros., Inc.*, 467 A.2d 468, 473 (D.C.1983) (citations omitted)); JAMES WM. MOORE, *et al.*, 18 MOORE'S FEDERAL PRACTICE § 131.01 (3d ed.2000); *see Davis v. Davis*, 663 A.2d 499, 501 n. 3 (D.C.1995). Therefore, the trial court properly dismissed appellants' complaint.

*Affirmed.*

---

4. "Full Faith and Credit shall be given in each State to the public Acts, Records and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records, and Proceedings shall be proved, and the Effect thereof." U.S. CONST. art IV, § 1.